IN THE COMMON PLEAS COURT OF BELMONT COUNTY, OHIO

MILA R. MATTONE
41468 Lane School Road,
Beallsville, OH 43716

    Plaintiff,

v.

ERMA LYNETTE HAUSER
19135 US 19 N Apt. D 21,
Clearwater, FL 33755,

MERX GLOBAL, INC. d/b/a aka
MERX GLOBAL LOGISTICS, INC.
d/b/a MERX GLOBAL
1454 Elmhurst Road,
Elk Grove Village, IL 60007,

MERX GLOBAL LOGISTICS, INC.
1454 Elmhurst Road,
Elk Grove Village, IL 60007,

And

MERX GLOBAL
1454 Elmhurst Road,
Elk Grove Village, IL 60007

    Defendants.

Case No. 22CV307

Judge: Frank A. Fregiato

**COMPLAINT**

State of Ohio
Belmont County
Cynthia L. Fregiato, Clerk of Courts, do hereby certify that the above is a true and correct copy of the original on file in this office.
Cynthia L. Fregiato, Clerk of Courts
By_____ Deputy

NOW COMES the Plaintiff, Mila R. Mattone, who for her Complaint against the Defendants, Erma Lynette Hauser and Merx Global Logistics Inc. d/b/a aka Merx Global Logistics, Inc. d/b/a Merx Global, Merx Global Logistics, Inc., and Merx Global, and states as follows:



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com

1. The Plaintiff, Mila R. Mattone (hereinafter "Plaintiff Mattone"), is and has been at all times material and relevant hereto, an adult individual who was a resident of Beallsville, Belmont County, Ohio.

2. Defendant, Erma Lynette Hauser (hereinafter "Defendant Hauser"), upon information and belief, is and has been at all times material and relevant hereto, an individual who was a resident of Clearwater, Pinellas County, Florida.

3. Defendant, Merx Global, Inc. doing business as and/or also known as Merx Global Logistics, Inc. and/or Merx Global (hereinafter "Defendant Merx Global, Inc."), is an has been at all times material and relevant hereto, an Illinois corporation with its principal place of business located at 1454 Elmhurst Road, Elk Grove Village, Illinois 60007.

4. Defendant Merx Global Logistics, Inc. (hereinafter "Defendant Merx Logistics") is and has been at all times material and relevant hereto, an Illinois corporation with its principal place of business located at 1454 Elmhurst Road, Elk Grove Village, Illinois 60007.

5. Defendant Merx Global (hereinafter "Defendant Merx Global") is and has been at all times material and relevant hereto, an Illinois corporation with its principal place of business located at 1454 Elmhurst Road, Elk Grove Village, Illinois 60007.

6. Defendant Merx Global Logistics, Inc. and/or Defendant Merx Global at all times material and relevant hereto, was a function of, part of, owned by, controlled by, a subsidiary of, run by, managed by, directed by, operated by and/or maintained by Defendant Merx Global, Inc.

7. Defendant Merx Global, Inc., Defendant Merx Global Logistics, and Defendant Merx Global at all times material and relevant hereto, performed separate functions and/or committed separate acts/omissions that are specifically set forth throughout this Complaint, so as to independently cause the injuries and damages to Plaintiff Mattone, as specifically set forth throughout this Complaint.

8. Defendant Merx Global, Inc., Defendant Merx Global Logistics, and Defendant Merx Global at all times material and relevant hereto, were motor carriers as defined by the Federal Motor Carrier Safety Regulations (FMCSR) and were required to comply with all applicable provisions/regulations that were/are provided by the Federal Motor Carrier Safety Administration (FMCSA) and the Federal Motor Carrier Safety Regulations.

9. Defendant Merx Global, Inc., Defendant Merx Global Logistics, and Defendant Merx Global at all times material and relevant hereto, acted by and through their actual, apparent, authorized and/or ostensible agents, employees, contractors, and/or servants, including but not limited to,

3

Defendant Hauser, and conducted business throughout the State of Ohio, including Belmont County.

10. Defendant Hauser at all times material and relevant hereto, was an actual, apparent, authorized, entrusted and/or ostensible agent, employee, contractor, representative, permissive operator and/or servant of Defendant Merx Global, Inc., Defendant Merx Global Logistics, and Defendant Merx Global, as described more specifically throughout this Complaint.

11. Defendant Merx Global, Inc., Defendant Merx Global Logistics, and Defendant Merx Global at all times material and relevant hereto, were registered as an Interstate Motor Carrier with the United States Department of Transportation ("USDOT") and were required to comply with the applicable provisions/regulations provided for by the Federal Motor Carrier Safety Administration ("FMCSA") and the Federal Motor Carrier Safety Regulations ("FMCSR").

12. Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global at all times material and relevant hereto, had been assigned USDOT #1330321 by the Federal Motor Carrier Safety Administration, providing the corporation(s) with specific authority to utilize commercial vehicles to operate interstate in direct furtherance of its specific business operations.

4

13. On or about October 14, 2021, Plaintiff Mattone was operating a motor vehicle in an easterly direction in the right hand lane on Interstate 70 in Kirkwood, Belmont County, Ohio.

14. Plaintiff Mattone at all times material and relevant hereto was lawfully, prudently, carefully and reasonably operating her motor vehicle, and in no way caused and/or contributed to the underlying crash.

15. Defendant Hauser at all times material and relevant hereto, was operating a tractor trailer that was owned by, registered to and acting under the direct control, direction, authority and supervision of Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global.

16. On or about October 14, 2021, Defendant Hauser was operating a commercial tractor trailer that displayed Defendant's Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global placard/logo and its federally issued USDOT authority (#1330321).

17. Defendant Hauser at all times material and relevant hereto, was required to comply with all applicable and/or relevant provisions provided for under the Federal Motor Carrier Safety Regulations ("FMCSR") and/or all applicable guidelines provided for by the FMCSR whenever operating a commercial motor vehicle with its issued USDOT authority #1330321.

18. Defendant Hauser at all times material and relevant hereto, was driving her commercial vehicle on Interstate 70 eastbound in the left hand lane

5

when she improperly tried to lane change into the Interstate 70 right hand lane and caused her vehicle to crash into the driver side of the vehicle that Plaintiff Mattone was operating.

19. Defendant Hauser is/was negligent per se given she committed/omitted a specific act prohibited/required by statute, specifically, she improperly attempted to lane change/move right and crashed into Plaintiff Mattone's vehicle.

20. Defendant Hauser is/was responsible for causing the subject crash under the theory of res ipsa loquitur as she controlled the commercial motor vehicle, failed to properly change lanes and slammed into Plaintiff Mattone's vehicle causing Plaintiff Mattone to suffer personal injuries and damages that she would not have sustained if Defendant Hauser used ordinary care and did not improperly change lanes when it was unsafe to do so.

21. Defendant Hauser at all times material and relevant hereto, was acting within the course and scope of her employment and/or agency relationship with Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global.

22. Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global at all times material and relevant hereto, had exclusive possession and control over the conduct, actions, inactions, omissions

and behavior of Defendant Hauser while she possessed/operated the subject truck.

23. Defendant Hauser at all times material and relevant hereto, had a duty to not improperly change lanes, but to ensure it was safe and that the existing traffic conditions permitted her to lane change into the right hand lane on Interstate 70 safely and without incident.

24. Defendant Hauser at all times material and relevant hereto, negligently, carelessly and/or recklessly failed to properly change lanes, instead, allowing/permitting/causing her commercial motor vehicle to continue to move into the right hand lane on Interstate 70 where Plaintiff Mattone's vehicle was already lawfully positioned, which directly and proximately caused a forceful collision between the two vehicles.

25. Defendant Hauser's negligent, careless and/or reckless driving actions/omissions, as specifically outlined throughout this Complaint, directly and proximately resulted not only in her much larger/heavier commercial motor vehicle violently striking Plaintiff Mattone's vehicle, but also directly and proximately causing her to sustain significant personal injuries and damages, a permanent and substantial physical deformity/disfigurement and a permanent physical function injury.

26. Defendant Hauser at all times material and relevant hereto owed Plaintiff Mattone a duty to exercise due and reasonable care to keep her

7

commercial truck under proper control, to obey all applicable traffic laws, rules and regulations governing the operation of the commercial truck on public roadways and to not cause a crash with another vehicle.

27. Defendant Hauser's negligent, careless and/or reckless driving actions/omissions were the direct and proximate cause of the subject violent preventable collision and the injuries/damages suffered by Plaintiff Mattone.

28. At all times material and relevant hereto, Plaintiff Mattone was operating her vehicle lawfully, prudently, carefully and reasonably and in no way caused and/or contributed to the collision.

29. Defendant Hauser's actions and/or omissions were negligent, careless and/or reckless in one or more of the following particulars:

    a. Failing to keep a proper lookout;

    b. Attempting an improper lane change in offense of Ohio Revised Code 4511.39 (citation number OHP07175310142021143);

    c. Failing to keep an appropriate lookout for surrounding traffic;

    d. Failing to improperly change lanes into Plaintiff Mattone's lane of travel;

    e. Failing to control the speed of her vehicle;

    f. Operating a commercial tractor trailer at a high, dangerous and reckless rate of speed under the circumstances that then and there existed;

    g. Driving too fast for the existing traffic conditions;

8

h. Failing to remain alert of all existing traffic and roadway conditions;

i. Careless operating her vehicle;

j. Failing to slow her vehicle;

k. Failing to properly use her brakes to prevent and/or avoid the collision;

l. Failing to stop her commercial motor vehicle;

m. Failing to have the vehicle she was operating under proper and adequate control;

n. Causing a preventable crash;

o. Failing to pay attention to and/or notice the location of Plaintiff Mattone's vehicle when attempting to change lanes;

p. Continuing to operate her tractor trailer in a direction towards Plaintiff Mattone when she saw, or in the exercise of reasonable diligence, should have seen that further operation in that direction would result in a collision;

q. Failing to stop, slow down and/or take any other evasive action to avoid crashing into Plaintiff Mattone's vehicle;

r. Operating a vehicle in a careless, reckless and negligent manner in violation of the Motor Vehicle Code of the State of Ohio codified in Title 45 of the Ohio Revised Code;

s. Operating her vehicle in willful or wanton disregard for the safety of persons or property;

t. Failing to comply with Ohio Law pertaining to operating a vehicle in willful and wanton disregard for the safety of persons and property;

u. Failing to comply with Ohio law in that she operated the tractor trailer combination without due regard for the

9

        rights, safety and position of other motorists, including Plaintiff Mattone;

v.    Failing to comply with Ohio law in that she operated a tractor trailer in a reckless manner;

w.   Violating the applicable sections of the Federal Motor Carrier Safety Regulations ("FMCSR"), inasmuch as those sections provide the minimum, generally accepted standards of case in the trucking industry;

x.    Operating the commercial truck in such a manner as was likely to cause a collision, in violation of FMCSR § 396.7;

y.    Failing to exercise due care generally in the operation of the vehicle she was driving;

z.    Failure to keep a proper lookout for the traffic and roadway conditions that existed in and around her commercial truck;

aa.  Failure to remain alert of all existing traffic and roadway conditions before attempting to change lanes;

bb.  Failure to employ and/or utilize defensive driving techniques to monitor existing traffic and roadway conditions surrounding her vehicle;

cc.  Failing to employ and/or utilize any defense driving techniques as required under the circumstances;

dd.  Operating a commercial truck when she was too fatigued to properly do so safely;

ee.  Operating her commercial truck while distracted;

ff.   Operating a commercial truck when she was physically and/or mentally unprepared and/or incapable of doing so safely;

gg.  Failure to employ and/or utilize training she received to become a licensed commercial driver;

10

hh. Failure to comply with all applicable state and federal laws provided under FMCS 390.3;

ii. Failure to employ and/or understand space management, specifically managing the space in and around her vehicle at all relevant times;

jj. Failing to recognize obvious hazards which should have been anticipated and/or guarded against when operating a commercial truck, specifically, being cognizant of vehicles traveling beside and/or around her vehicle;

kk. Operating the commercial truck in violation of the laws, ordinances, and regulations of the State of Ohio, in violation of FMCSR § 392.2; and

ll. Operating the commercial truck in a manner as was likely to cause Plaintiff Mattone's vehicle to be violently struck while it was lawfully positioned in the travel lane.

30. At all times material and relevant hereto, Defendant Hauser was acting within the scope and course of her employment and/or specific agency relationship with Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global. Consequently, Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global is/are vicariously liable for all damages caused by the misconduct of Defendant Hauser, pursuant to the doctrine of *respondeat superior* and/or vicarious liability.

31. Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global is fully liable for the acts of its respective actual, apparent, authorized, entrusted and/or ostensible agents, employees,

11

contractors, representatives, permissive operators and/or servants, including, but not limited to, Defendant Hauser, who was operating within the course and scope of her employment and/or agency relationships pursuant to the doctrine of joint venture, vicarious liability and/or actual or implied agency, or other common law or statutory theories of liability.

32. At all times material and relevant hereto, Defendant Hauser, was acting within the scope and course of her employment with Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global. Consequently, Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global is/are vicariously liable for all damages caused by the negligent, careless and/or reckless actions and/or omissions of Defendant Hauser pursuant to the doctrine of *respondeat superior*.

33. Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global is/are also negligent, careless and/or reckless in one or more of the following particulars:

    a. Failing to adequately supervise Defendant Hauser;

    b. Failing to properly and/or adequately instruct and/or train its drivers including Defendant Hauser, in the safe, proper and prudent operation of a commercial truck including, but not limited, to the safety laws, rules and/or regulations provided in any and all applicable Commercial Drivers' Manual, the FMCSR and/or under Ohio law;

    c. Causing, allowing, and/or permitting Defendant Hauser to operate a commercial vehicle when it knew or should have

known, in the exercise of reasonable care, that she was not competent to do so;

d. Creating, developing and/or maintaining driving routes, timetables, or delivery schedules that required, permitted and/or encourage unsafe driving;

e. Creating, developing and/or maintaining methods of compensation that required, permitted and/or encouraged driving at unsafe speeds;

f. Failing to properly instruct, train and educate its drivers, including Defendant Hauser, regarding proper operation of commercial trucks;

g. Failing to properly instruct, train and educate its drivers, including Defendant Hauser, regarding proper collision avoidance maneuvers;

h. Entrusting its commercial truck to Defendant Hauser when it knew or had reason to know of her incompetency and/or inexperience to operate it;

i. Failure to ensure that Defendant Hauser complied with all applicable Federal Motor Carrier Safety Regulations whenever she was operating a commercial truck on behalf of the company;

j. Entrusting its commercial truck to Defendant Hauser, when it knew, or had reason to know of her lack of training, experience and/or driving propensities would cause her to operate said commercial truck in an unsafe and unlawful manner thereby creating an unreasonable risk of harm to others on the road;

k. Failure to adequately instruct and/or train its drivers, including Defendant Hauser, in the safe, proper and prudent operation of a commercial truck to include, but not limited to, the safety laws, rules and/or regulations provided in all applicable Commercial Drivers' Manual, the FMCSR and/or under Ohio law;

13

l. Failing to properly instruct, train, and educate its drivers, including Defendant Hauser, regarding Defensive Driving Techniques and/or the Smith Systems;

m. Failing to properly instruct, train, and educate its drivers, including Defendant Hauser, regarding being on the lookout for and/or ensuring to not merge and/or attempt to merge when it is unsafe to do so;

n. Failing to properly instruct, train, and educate its drivers, including Defendant Hauser, regarding always ensuring it is safe to merge and/or change lanes before actually doing so;

o. Failing to properly instruct, train, and educate its drivers, including Defendant Hauser to not operate a commercial truck whenever fatigued;

p. Failing to properly instruct, train, and educate its drivers, including Defendant Hauser to not operate a commercial truck while distracted;

q. Failing to comply will all applicable state and federal laws under the circumstances as provided under FMCSR 390.3;

r. Failing to properly instruct, train, and educate its drivers, including Defendant Hauser to perform a proper visual search in order to see around her vehicle as is required of all commercial drivers;

s. Failing to properly instruct, train, and educate its drivers, including Defendant Hauser, regarding space management specifically, managing the space in and around a commercial vehicle when operating it on a roadway;

t. Failure to properly qualify Defendant Hauser under the FMCSR;

u. Failure to properly vet Defendant Hauser before allowing her to drive a commercial truck; and

14

      v.      Failing to exercise due care generally.

34.    Defendant Hauser and Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global each owed a duty to Plaintiff Mattone to use reasonable care for her safety in all particulars as pleaded throughout this Complaint.

35.    The acts of Defendant Hauser and Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global as described throughout this Complaint, exhibited a conscious disregard for the rights and safety of Plaintiff Mattone, and other individuals who were operating vehicles at and/or near the collision location, as their stated conduct had a great probability of causing substantial harm.

36.    Defendant Hauser and Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global, individually and by and through their actual, apparent, authorized, entrusted and/or ostensible agents, employees, contractors, representatives, permissive operators and/or servants, breached their duties owed to Plaintiff Mattone, in all particulars as pleaded throughout this Complaint.

37.    Defendant Hauser and Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global are each fully liable for the injuries of Plaintiff Mattone, as a result of their own misconduct and through

the misconduct of their controlled subsidiaries and through the theories of joint and several liability, joint venture, or other common law or statutory theory.

38. As a direct and proximate result of the negligent, careless and reckless actions and/or omissions of Defendant Hauser and Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global, Plaintiff Mattone suffered significant and severe traumatic pain and injuries throughout her body, which include, but are not limited to, her knee, left leg, left eye, left foot/ankle, head/headaches, hip and various other parts of her body, some of which injuries are reasonably certain to be permanent in nature.

39. As a direct and proximate result of the negligent, careless and reckless actions and/or omissions of Defendant Hauser and Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global, Plaintiff Mattone has suffered physical pain, mental and emotional anguish, annoyance, inconvenience, and a diminishment in her ability to fully function, enjoy life and earn a living.

40. As a direct and proximate result of the negligent, careless and reckless actions and/or omissions of Defendant Hauser and Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global, Plaintiff Mattone is reasonably certain to incur a permanent and substantial physical deformity/disfigurement, a permanent physical function injury, future physical pain, future mental and emotion anguish, annoyance, future

inconvenience and future diminishment in her ability to fully function, enjoy life and earn a living.

41. As a direct and proximate result of the negligent, careless and reckless actions and/or omissions of Defendant Hauser and Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global, Plaintiff Mattone has incurred medical bills and lost wages.

42. As a direct and proximate result of the negligent, careless and reckless actions and/or omissions of Defendant Hauser and Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global, Plaintiff Mattone is reasonably certain to incur future medical bills and lost wages.

43. The conduct of Defendant Hauser and Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global as described throughout this Complaint was reckless, wanton, and grossly negligent and/or exhibited a conscious disregard for the safety and well-being of the driving public, including Plaintiff Mattone. Consequently, Plaintiff Mattone is entitled to recover punitive damages from Defendant Sines and Defendant Merx Global, Inc., Defendant Merx Global Logistics, and/or Defendant Merx Global, in order to punish them and deter them and other trucking companies and truck drivers from engaging in similar conduct in the future.

WHEREFORE, Plaintiff, Mila Mattone, respectfully prays that judgment be entered against the Defendants, Erma Lynette Hauser; Merx Global, Inc., Merx Global Logistics, Inc.; and Merx Global, jointly and severally, for compensatory damages in excess of $25,000.00, punitive damages in excess of $25,000.00, prejudgment and post-judgment interest, attorneys' fees and costs expended in this action, as well as any other specific or general relief as may become apparent as this matter progresses and such other relief as this Court deems proper.

**A TRIAL BY JURY IS DEMANDED ON ALL ISSUES**

Respectfully submitted,

MILA MATTONE, Plaintiff,

BY: _____
James G. Bordas III, Esq. (OH #0074071)
Justin J. Selep, Esq. (OH #0099847)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
Telephone: (304) 242-8410
Fax: (304) 242-3936
Email: jbordasiii@bordaslaw.com
Email: jselep@bordaslaw.com
*Counsel for Plaintiff*



BORDAS AND BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

One Gateway Center
420 Ft. Duquesne Blvd.
Suite 1800
Pittsburgh, PA 15222
t 412-502-5000
f 412-709-6343

bordaslaw.com